**DENTONS US LLP**
Melissa Sarsten Polito, Esq.
melissa.sarstenpolito@dentons.com
101 JFK Parkway, 4th Floor
Short Hills, New Jersey 07078
Tel: (973) 912-7162
Fax: (973) 912-7199

[and]

**DENTONS BINGHAM GREENEBAUM LLP**
Chelsea Granville Reed (*pro hac vice*)
chelsea.granvillereed@dentons.com
Kristin McCall (*pro hac vice*)
kristin.mccall@dentons.com
101 South Fifth Street, Suite 3500
Louisville, Kentucky 40202
Tel: (502) 589-4200
Fax: (502) 540-2169
*Attorneys for Plaintiff,*
*Atlantic City Linen Supply, LLC*

ALINA HABBA
United States Attorney
KEVIN J. MAGGIO
Assistant United States Attorney
401 Market Street, 4th Floor
Camden, NJ 08101
(973) 986-6708
Kevin.Maggio@usdoj.gov
*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| ATLANTIC CITY LINEN SUPPLY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES SMALL | Civil Action No. 1:24-cv-10937 (ESK) (AMD)<br><br>**[ORDER, FINDINGS OF FACT, AND CONCLUSIONS OF LAW** |
|---|---|

|  |  |
|---|---|
| BUSINESS ADMINISTRATION and KELLY LOEFFLER[1] in her official capacity as Administrator of the United States Small Business Administration<br><br>                              Defendants. |  |

**THIS MATTER** having been opened to the Court by Plaintiff Atlantic City Linen Supply, LLC ("Plaintiff") and Defendants United States Small Business Administration and Kelly Loeffler, in her official capacity as Administrator of the United States Small Business Administration (the "Federal Defendants") (collectively, Plaintiff and the Federal Defendants are referred to herein as the "Parties"), by way of a Joint Motion to Seal pursuant to Local Civil Rule 5.3(c), the Court hereby makes the following findings of fact and conclusions of law:

1. There exists in civil cases a common law public right of access to judicial proceedings and records. *See In re Cendant Corp.*, , 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). Courts have recognized that the presumption of public access is not absolute and may be rebutted. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993); *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991).

2. The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

3. While the party seeking protection has the burden of demonstrating that it is entitled to protection, courts will find that "good cause" to protect information from exposure exists where

---

[1] SBA Administrator Kelly Loeffler has been automatically substituted for Isabella Casillas Guzman as a Defendant. *See* Fed. R. Civ. P. 25(d).

disclosure would result in a clearly defined and serious injury to the party seeking to overcome the presumption of access. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-91 (3d Cir. 1994).

4. The analysis outlined by the Third Circuit has been codified in the District of New Jersey as Local Civil Rule 5.3. Local Civil Rule 5.3(c)(3) requires a showing of: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) if applicable, any prior order sealing the same materials in the pending action; and (f) if applicable, the identity of any party or nonparty known to be objecting to the sealing request.

**A.     Nature of the Materials at Issue**

1. In this case, Plaintiff filed a Complaint for Declaratory Relief challenging the Federal Defendants' decision to deny loan forgiveness under the Paycheck Protection Program. Given that the case arises under the Administrative Procedure Act ("APA"), the administrative record ("AR") consists of 4264 pages.

2. AR Parts 1-12 were filed under temporary seal on May 30, 2025 (ECF Nos. 25-36).

3. The AR discloses and refers to information that is confidential and proprietary to the Parties, the public disclosure of which may harm the Parties' legitimate private and public interests.

4. Specifically, the AR contains tax returns and return information; bank records and corporate banking statements; payroll and employee information; sensitive internal financial documentation (including profit and loss statements and other revenue related documentation supporting tax returns and return information); loan applications and agreements accompanied by proof of payment with account numbers and related information; and internal U.S. Small Business

Administration communications discussing and attaching the aforementioned information. These documents contain sensitive account numbers, loan numbers, commercial information, taxpayer identification/social security numbers, and internal review processes/information.

**B.      Legitimate Private or Public Interests Which Warrant Relief Sought**

5.      Courts may seal documents that encompass sensitive confidential and proprietary information that might harm a litigant's competitive standing. *Littlejohn*, 851 F.2d at 678; *Valeant Pharms. N. Am. LLC v. Mylan Pharms. Inc.*, No. 18-cv-14305-PGS-LHG, 2019 WL 3843052, at *1 (D.N.J. Aug. 15, 2019); *see Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 890 (E.D. Pa. 1981) (citing Fed. R. Civ. P. 26). The District of New Jersey has held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents. *See Valeant Pharms. N. Am. LLC*, 2019 WL 3843052, at *1; *In re Gabapentin*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004).

6.      There are legitimate private and public interests in ensuring that this information remains protected. To be sure, disclosure of the aforementioned information risks public dissemination of the Federal Defendants' internal governmental analyses, raises serious risks of competitive harm to Plaintiff's business, and maintaining the confidentiality of this information is unequivocally necessary to protect the privacy interests of non-parties to avoid identify theft and fraud, and/or harm Plaintiff's competitive standing.

**C.      Clearly Defined Serious Injury If Relief is Not Granted**

7.      The District Court has discretion to balance the factors for and against access to court documents. *See Pansy*, 23 F.3d at 781. Here, Plaintiff's legitimate business interests and maintenance of its confidential and proprietary information outweigh any need for public access.

8. If relief is not granted, Plaintiff's confidential information will be available to competitors and the public, exposing Plaintiff to serious competitive and financial risks.

9. Furthermore, the AR is replete with bank and loan account numbers, tax returns, sensitive commercial information, and sensitive financial information related to Plaintiff, and internal U.S. Small Business Administration communications discussing and attaching the aforementioned information. These documents contain sensitive account numbers, loan numbers, commercial information, taxpayer identification/social security numbers, and internal review processes/information. These documents also contain internal governmental analyses. Due to the size of the files and the sensitive nature of the documents, the Parties state that filing the AR under seal is significantly less burdensome, would prevent the accidental release of Plaintiff's account information and sensitive financial and commercial information (via a missed redaction), and save resources.

**D. A Less Restrictive Alternative Is Not Available**

10. The sealing of the AR is an accepted practice in the District of New Jersey. *See, e.g., Gabapentin*, 312 F. Supp. 2d at 669.

11. Given the sensitivity of the aforementioned information, the Parties agreed to jointly request leave to seal the AR in its entirety as it is not feasible to file a redacted version of the voluminous AR in the public record.

12. No less restrictive alternative is available to ensure that this information remains confidential because tailored redactions are not possible, given the confidential and proprietary information relayed throughout the entirety of the AR.

13. The Parties' request is narrowly tailored to seek the sealing of the AR.

**E.  No Prior Order Sealing the Same Materials in this Action**

14. The Court acknowledges that there is no prior order to address the AR in this action.

**F.  No Party Objects to the Sealing Request**

15. This Motion is filed jointly and thus, no party objects to the sealing request.

**WHEREAS**, the Court, having determined that the Administrative Record contains confidential information, and the Court having considered the written submissions of counsel, and good cause having been shown, it is hereby:

**ORDERED** that the Parties' Motion to Seal pursuant to Local Civil Rule 5.3(c) is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall permit the Administrative Record to be sealed permanently, and the Clerk shall take such other steps as may be reasonably required to maintain the confidentiality of the Administrative Record.

Edward S. Kiel
**Honorable Edward S. Kiel**
**United States District Judge**

At Camden, New Jersey
Date: July 3, 2024